**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BASEVI, INC., | No. 10-55972 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07145 AHM (JTLx) |
| v. | |
| THE ACORN CO., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted January 9, 2012[**]
Pasadena, California

Before:    REINHARDT and W. FLETCHER, Circuit Judges, and BREYER, District Judge.[***]

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Plaintiff-Appellant Basevi, Inc. ("Basevi") appeals from the district court's award of attorneys' fees to Defendant-Appellee The Acorn Company ("Acorn"), following Acorn's successful defense of Basevi's copyright action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Basevi argues that the district court abused its discretion in granting attorneys' fees to Acorn, because Acorn did not settle the case, instead filing a successful motion to dismiss and a motion for summary judgment. That argument has no merit. The Copyright Act gives the district court the discretion to award reasonable attorneys' fees "to the prevailing party as part of the costs." *See* 17 U.S.C. § 505. The district court properly exercised this discretion and followed *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994).

That Acorn did not settle is no reason to deny it fees. Although Basevi blames Acorn for not accepting Basevi's offer to settle "with a simple affidavit," that offer was not made until Basevi was – late – opposing summary judgment. At that point, Acorn had already spent considerable money defending itself. It might well have believed that it was likely to prevail on the summary judgment motion it had already filed, and recover its attorneys' fees – a benefit not included in Basevi's offer. Acorn's declination to settle was therefore reasonable.

Nor does Basevi's characterization of Acorn as being "overzealous," and unwilling "to negotiate or enter into settlement discussions" ring true. The parties' 26(f) Report states that, early on, Acorn "offered to settle this matter for a lower nominal amount [than that proposed by Basevi]," but that Basevi would only settle if Acorn paid Basevi's attorneys' fees. Acorn also participated in a settlement conference with Basevi. Acorn therefore demonstrated a willingness to settle. Basevi points to no authority supporting its suggestion that Acorn was obligated to settle at any cost. Nor can Acorn's decision to defend itself against a meritless suit, rather than settling at any cost, fairly be deemed "overzealous[ness]."

In light of the district court's thorough and reasonable application of *Fogerty*, this Court has no "definite and firm conviction" that the district court committed "clear error" in weighing the relevant factors. *See Wall Data Inc. v. L.A. Cnty. Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2006).

Finally, Basevi argues that the amount of fees sought by Acorn was unreasonable. Basevi did not raise the issue of the reasonableness of Acorn's fees before the district court. Nor has Basevi made any showing that this Court must review the reasonableness of the fee award in order to prevent a manifest injustice. He has therefore waived this issue. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO et al. v. Martin Jaska, Inc.*, 752 F.2d

3

1401, 1404 (9th Cir. 1985) ("We will not . . . review an issue not raised below unless necessary to prevent manifest injustice.").

**AFFIRMED.**